UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:08-CR-66 |
| V. ) | (PHILLIPS/SHIRLEY) |
| ) | |
| ELIZABETH GOODSEN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

The defendant appeared before the Court on September 3, 2008, for an initial appearance on a Petition for Action on Conditions of Pretrial Release. Assistant United States Attorney Tracee Plowell appeared on behalf of the government, and attorney Ruth Thompson Ellis appeared on behalf of the defendant.

On May 14, 2008, the defendant was released on personal recognizance with Order Setting Conditions of Release. [Doc. 15] Conditions of the defendant's release included: that she not commit another federal, state, or local crime while on bond in federal court; that she report to the United States Probation Office as directed; that she maintain or actively seek employment; that she restrict her travel to the Eastern and Middle Districts of Tennessee; that she undergo medical and/or psychiatric treatment as determined by the United States Probation Office; that she refrain from possessing a firearm, refrain from the use of any narcotic drugs or controlled substances, submit to drug testing, and participate in a program of inpatient or outpatient substance abuse therapy and counseling as directed by the United States Probation Office; and that the defendant remain in the Transitions Housing facility until the completion of the facility's ninety day program. [Doc. 15]

On July 30, 2008, this matter came before the Court for a status conference as to the scope of the defendant's compliance with the Order Setting Conditions of Release. During the July hearing, the Court was advised that the defendant had violated her conditions of release. The Court entered a new Order Setting Conditions of Release, which included the previous conditions, but which also required the defendant to reside at Midway Sanction Center ("Midway") and that she also abide by Midway's rules and restrictions. [Doc. 29] During the July hearing, the Court also advised the defendant that further noncompliance with the Court's Order Setting Conditions of Release would result in revocation of the defendant's bond and her detention pending trial.

On September 2, 2008, a petition for action on conditions of pretrial release was filed by the defendant's probation officer, stating: that the defendant admitted that she had lied to the Court when she denied abusing her prescription drugs; that the defendant tested positive for alcohol on August 19, 2008, for admittedly abusing cold medication; that the defendant tested positive for alcohol on September 1, 2008, for admittedly drinking mouth wash and a beer; that on August 29, 2008, the defendant missed an appointment with her treating physician at Midway; and that on September 2, 2008, Midway advised the probation office that the defendant would be discharged from the program. On this basis, the government moved for detention and revocation of the Order Setting Conditions of Release.

On September 3, 2008, the Court conducted a hearing pursuant to 18 U.S.C. § 3148 to determine whether the defendant had violated the terms of the Order Setting Conditions of Release and, if such violation had occurred, whether sanctions were appropriate. During the hearing, the defendant admitted to drinking alcohol and to missing an appointment with her treating physician at Midway. Based on these admissions, and on the other evidence before the Court, including the

fact that the defendant has been expelled from the Midway program, the Court finds by clear and convincing evidence that the defendant has violated the terms of the Order Setting Conditions of Release. The Court further finds that there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community and that the defendant is unlikely to abide by any condition or combination of conditions of release. Accordingly, the Order Setting Conditions of Release [Doc. 29] is hereby **REVOKED** and the defendant is remanded to the custody of the United States Marshal pending her trial on **February 23, 2009, at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge.

    **IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge